UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA LEE WALLACH LORRETZ,<br><br>Plaintiff,<br><br>v.<br><br>U.S.A. LAW ENFORCEMENT, et al.,<br><br>Defendants. | No. 2:18-cv-63-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a complaint, a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915, and a motion for recusal.[1] For the reasons explained below, plaintiff's motion for recusal is denied, her application to proceed *in forma pauperis* is granted, and it is recommended that the complaint be dismissed without leave to amend.[2]

I.  Motion for Recusal

Plaintiff seeks recusal of the undersigned and the assigned district judge, Judge England. ECF No. 3. Plaintiff contends that the judges assigned to this case have a "history of conflict of interest" and have dismissed her prior actions without first providing her a hearing. *Id*.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Subsequent to initiating this action, plaintiff filed several miscellaneous motions, some of which are unintelligible and appear to have nothing to do with the substance of plaintiff's case. ECF Nos. 4-12. Because plaintiff's complaint must be dismissed without leave to amend, it is recommended that plaintiff's motions be denied as moot.

1

The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C § 455(a). He shall also disqualify himself when he has "a personal bias or prejudice concerning a party . . . ." *Id*. § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008). "A judge's previous adverse ruling alone is not sufficient bias." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff's disagreement with the dismissal of her prior actions without a hearing is not a sufficient basis for granting her request for recusal. Furthermore, her contention that there is an unspecified conflict of interest fails to call into question the undersigned and Judge England's impartiality. Accordingly, the request for recusal of the undersigned is denied, and it is recommended that the request for recusal of Judge England be denied as well.

II. <u>Motion to Proceed *In Forma Pauperis* and Screening Requirement</u>

Plaintiff's application to proceed *in forma pauperis* makes the financial showing required by 28 U.S.C. § 1915(a)(1) and (2). ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Review of the complaint reveals that it must be dismissed for failure to state a claim. ECF No. 1. The complaint, which purports to allege claims against the Federal Bureau of Investigation ("FBI"), Sacramento City Police Department, and the Sacramento County Sheriff's Department, consists largely of disjointed and unintelligible allegations. *See generally* ECF No. 1. Specifically, plaintiff alleges that she is a "housewife rancher," and that defendants have prevented her from finding her husband, brother, parents, and grandparents. *Id*. She allegedly filed reports with the FBI and Sacramento City Police, but both cases are in limbo. *Id*. She also claims that defendants "are expert traffickers according to newspaper reports [from] 2017, even though plaintiff pressed [an] emergency button on [an] Amtrak train" in January 2011. *Id*. She also alleges that her registered nursing license is still in limbo, and that "WiFi refuses to allow [her] to do homework on a second degree . . . ." *Id*.

The complaint does not, however, identify any specific causes of action. Nor does it contain coherent factual allegations that could plausibly support a cognizable claim for relief. Accordingly, plaintiff's complaint must be dismissed. Moreover, it is clear that providing leave to amend to cure the deficiencies would be futile. Plaintiff has previously filed five other actions in this district, each asserting incoherent and implausible allegations similar to those pled in this action. *See Lorretz v. Jewish Federation (All)*, No. 2:12-cv-1796 MCE CKD PS, ECF No. 3 (finding that "plaintiff's allegations are so bizarre and implausible that they are wholly insubstantial and cannot invoke this court's subject matter jurisdiction."); *Lorretz v. USA Government*, No. 2:12-cv-1801-KJM-EFB PS, ECF No. 10 (finding that plaintiff's allegations were unintelligible, and that the complaint failed to "allege any facts that would support a cognizable legal claim or a basis for this court's jurisdiction); *Lorretz v. USA Government*, No. 2:13-cv-618 LKK AC PS, ECF No. 5 ("The court has reviewed the complaint and finds it to be nonsensical and frivolous."); *Lorretz v. USA*, No. 2:16-cv-784-GEB-EFB PS, ECF No. 12 (observing that plaintiff's complaint was plagued with incoherent rambling); *Lorretz v. Comey*, No. 2:17-cv-90-TLN-EFB PS, ECF No. 30 (same). Accordingly, the complaint should be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)
/////

(While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

III. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted; and

2. Plaintiff motion for recusal of the undersigned (ECF No. 3) is denied.

Further, it is RECOMMENDED that:

1. Plaintiff's motion for recusal of the assigned district judge (ECF No. 3) be denied;

2. Plaintiff's complaint be dismissed without leave to amend;

3. All pending motions be denied as moot; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE